719 So.2d 1155 (1998)
I.Q. INVESTMENTS d/b/a Unishippers Association
v.
Frances P. CARTOZZO d/b/a Frances' Fine Baking and State of Louisiana Catering.
No. 98-CA-331.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1998.
*1156 F. Victor Hastings, Kenner, for Plaintiff-Appellee.
Mary D. Sentenn, New Orleans, for Defendant-Appellant.
Before DUFRESNE and CANNELLA, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
DUFRESNE, Judge.
Frances Cartozzo d/b/a Frances' Fine Baking and Catering appeals from a judgment rendered in favor of plaintiff/appellee, I.Q. Investments d/b/a Unishippers Association. For the reasons set forth herein, we vacate the summary judgment rendered in favor of plaintiff as well as all subsequent judgments and remand the matter for further proceedings.
Plaintiff/appellee, I.Q. Investments d/b/a Unishippers Association (hereinafter referred to as "Unishippers"), is a reseller of Airborne Express overnight delivery services. In December of 1990, defendant/appellant, Frances Cartozzo d/b/a Frances' Fine Baking and Catering (hereinafter "Cartozzo"), entered into a membership enrollment agreement with Unishippers for the purpose of obtaining discounts and receiving other benefits on air express shipments of king cakes. When Cartozzo failed to make payment as agreed upon, Unishippers, in December of 1992, filed a "Petition for Money Due" seeking to collect $68,448.25 in past due freight charges,[1] together with legal interest and costs of the proceedings.
In March of 1993, Cartozzo, in proper person, filed an answer denying that monies were owed and alleging that payment had been made. She also filed a reconventional demand seeking $20,000 in damages for Unishippers' failure to adequately handle the king cake shipments, including the non-delivery and late delivery of the cakes. Unishippers denied the allegations contained in the reconventional demand.
Thereafter, in June of 1997, Unishippers filed a motion for summary judgment for the unpaid freight charges. The matter was set for hearing on August 7, 1997. On August 5, 1997, Cartozzo, still in proper person, filed a motion for continuance stating that she desired to oppose the summary judgment motion and to have additional time in order to obtain the services of counsel. Despite the fact that Cartozzo knew that Unishippers opposed the continuance, she failed to appear or arrange representation for the August 7, 1997 hearing. On that date, the trial judge, having ascertained that Cartozzo was properly served, denied the motion to continue and conducted a hearing on the motion for summary judgment. After considering the motion for summary judgment, the memorandum in support thereof, the arguments of counsel, the applicable law, and the record, the court granted Unishippers' motion for summary judgment and ordered Cartozzo to *1157 pay $68,448.25 in damages, plus attorney fees and costs. A written judgment in accordance therewith was signed on August 11, 1997.
Cartozzo subsequently retained the services of an attorney who filed a motion for new trial on her behalf. On September 16, 1997 the court heard and denied defendant's motion for new trial. At this hearing, counsel for Unishippers also asked that the August 11, 1997 judgment be amended to provide for legal interest. The trial judge did not address counsel's request at that time. However, on October 30, 1997, the court, without a hearing and pursuant to a motion filed by Unishippers, signed an amended judgment providing for legal interest on each overdue invoice from the date due until paid. On November 5, 1997, the trial court signed a written judgment, in accordance with his September 16, 1997 ruling, denying Cartozzo's motion for new trial. Cartozzo now appeals.
In her first assigned error, Cartozzo argues that the trial judge abused his discretion in denying her pro se motion to continue the summary judgment hearing. As part of this argument, Cartozzo asserts that the trial court was required by law, specifically by LSA-C.C.P. art. 966(B), to continue the hearing in order to give her time to respond.
LSA-C.C.P. art. 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." The decision to grant or deny a continuance rests in the sound discretion of the trial judge. The trial court's ruling on a motion for continuance will not be disturbed on appeal absent a clear showing of abuse of that discretion. State v. Frisard, 96-368 (La.App. 5 Cir. 4/29/97), 694 So.2d 1032; Metropolitan Reporters, Inc. v. Avery, 95-504 (La.App. 5 Cir. 11/28/95), 665 So.2d 547. LSA-C.C.P. art. 966(B) provides that in part that the motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The purpose of this mandatory ten day period is to give the adverse party notice and an opportunity to prepare a response to the allegations contained in the motion.
In the present case, Cartozzo was served nine, instead of the required ten, days before the hearing. While we acknowledge that there are indications in the record that Cartozzo was not served earlier because the sheriff's office had problems effecting service on her, we nonetheless feel compelled to follow the dictates of LSA-C.C.P. art. 966(B).
Based on the foregoing discussion, we find that the trial judge, under the circumstances presented herein, abused his discretion in denying Cartozzo's pro se motion to continue and in thereafter proceeding with the hearing on the motion for summary judgment. Having found merit in Cartozzo's first specified error, we find it unnecessary to address the remaining issues raised in her brief. Accordingly, we vacate the trial court's judgment of August 11, 1997 granting summary judgment in favor of plaintiff as well as all subsequent judgments. We remand the matter for further proceedings consistent with this opinion.
JUDGMENTS VACATED; MATTER REMANDED.
NOTES
[1] The membership agreement specifically provided that if the customer failed to pay the shipping charges within thirty days, then the discounted rate would be canceled and the customer would be responsible for the full list price of the services. In this case, the discounted unpaid invoices totaled $25,931.72, while the list price of the unpaid invoices totaled $68,448.25.