| PDALEY, Judge.
This appeal is taken by the plaintiff from the granting of the defendant’s Motion for Summary Judgment. For reasons assigned, we vacate the judgment of the trial court, and remand this matter for further proceedings.
FACTS:
In October 1988, the plaintiff filed a medical malpractice lawsuit against several *932 physicians [1] alleging they failed to properly diagnose her condition. In October 1996, defendants filed a Motion to Compel Answers to Interrogatories. These interrogatories specifically requested the plaintiff to disclose the name of each expert witness they intended to call at trial. The Motion to Compel was granted and lain February 1997, the plaintiff responded to the interrogatories stating that she was unable to answer questions relative to an expert witness “at this time.” Trial on the merits was set for February 2,1998.
On January 16, 1998, defendant filed a Motion for Summary Judgment, arguing that in order to prevail in this medical malpractice lawsuit, plaintiff must produce expert medical testimony establishing the appropriate standard of care and showing the defendants breached those standards of care. A copy of the Motion for Summary Judgment was mailed to plaintiffs counsel on January 15, 1998, accompanied by a cover letter stating that defense counsel would attempt to have the motion set for the morning of trial, February 2, 1998.[2] The record indicates that plaintiffs counsel, Jerome Friedman, was served with the Motion for Summary Judgment on January 28, 1998. Plaintiff did not file an opposition to the Motion for Summary Judgment.
On the morning of February 2, 1998, counsel for the defendants was present in court and informed the court that he was here to argue the Motion for Summary Judgment. The record reflects that Mr. Friedman had telephoned the court and stated he was “running late.” The court then granted defendant’s Motion for Summary Judgment prior to the arrival of Mr. Friedman.
Later that same morning, Mr. Friedman appeared in court to oppose a Motion to Compel filed by another defendant in this lawsuit. Mr. Friedman informed the court that he had just filed a Motion to Continue the hearing on the motions and the trial due to his ill health. The trial court informed Mr. Friedman that this was untimely, as the Motion for Summary Judgment had already been granted. At this point, the following exchange took place:
|4Mr. Friedman:
I understand there isn’t any proof in the record that I was served with his motion. I will tell you, the Court—
The Court:
With which motion?
Mr. Friedman:
His motion for summary judgment.
The Court:
Okay. Well, file whatever you need in connection with that.
[[Image here]]
Mr. Friedman:
I’m inclined to move for a new trial based on the fact that I didn’t have enough notice to respond to the summary judgment.
Thereafter, the plaintiff filed a Motion for New Trial stating Mr. Friedman notified the court’s clerk that he was filing a Motion to Continue the pending Motion for Summary Judgment, prior to said motion being granted. The Motion for New Trial also points out that plaintiffs counsel was not served with the Motion for Summary Judgment at least ten days prior to the hearing as required by Code of Civil Procedure article 966. At the hearing on the Motion for New Trial, Mr. Friedman argued that he filed the Motion to Continue *933 based on the fact that the Motion for Summary Judgment was not served upon plaintiff ten days prior to the hearing. The defendant argued that this case was set for trial on the morning of February 2, 1998, and obviously plaintiffs counsel knew the Motion for Summary Judgment had to be disposed of prior to trial. The trial court denied the Motion for New Trial.
DISCUSSION:
On appeal, plaintiff argues the trial court erred in granting the defendant’s Motion for Summary Judgment based on the fact that plaintiff was not served with the motion ten days prior to the hearing .date.
| Nlie plaintiff correctly points out that Code of Civil Procedure article 966 provides that “the motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing.” The record indicates the hearing on the Motion for Summary Judgment was set for February 2, 1998 at 10:00 a.m. Plaintiffs counsel was served with the motion on January 28, 1999. Clearly, the ten day delay between service and hearing was not met in this case. Although there are indications in the record that counsel for defendant mailed a copy of the motion to Mr. Friedman on January 15, 1998, accompanied by a cover letter stating that defense counsel would attempt to have the hearing on the motion set on the morning of trial, February 2, 1998, this does not comply with the mandatory language of article 966.
In I.Q. Investments v. Cartozzo, 98-331 (La.App. 5th Cir.9/29/98), 719 So.2d 1155, this court vacated the trial court’s granting of a Motion for Summary Judgment because the defendant was served only nine days prior to the hearing. While acknowledging the opposing party was not served •with the motion earlier because the sheriff had problems effecting service on her, this Court stated, “we nonetheless feel compelled to follow the dictates of LSA-C.C.P. art. 966(B).”
Accordingly, we vacate the trial court’s judgment granting Summary Judgment in favor of defendant, and remand this matter for further proceedings consistent with this opinion.

REVERSE AND REMAND.

. The defendants involved in this appeal are: Alvin Rouchell, M.D Charles Johnson, M.D., Richard Lange, M.D., James Smith, M.D., Lionel Head, M.D., Phillip Young, M.D., Ted Burns, M.. D., and Susan Vogel, M.D. The two other defendants, Heirs of Margaret G. Cunningham, M..D., and Louisiana Medical Mutual Insurance Company, were subsequently granted a dismissal based on the plaintiff's failure to. respond to discovery. These two defendants are not parties to this appeal.

. The trial did not commence on February 2. The record is unclear as to the reason the trial was continued.