759 So.2d 297 (2000)
Joanne STEWART, Plaintiff-appellant,
v.
Harvey L. CARTER, M.D., et al, Defendants-appellees.
No. 33,203-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
*298 Kammi R. Whatley, Counsel for Appellant.
Robert G. Pugh, Jr., Shreveport, Counsel for Appellees.
Before CARAWAY, PEATROSS and SAMS (Pro Tem.), JJ.
CARAWAY, J.
Plaintiff, Joanne Stewart, appeals from the grant of defendants' motion for summary judgment asserting that the ten-day period between the time of service of the motion and the hearing was not honored. Finding that the violation of the ten-day period of La. C.C.P. art. 966 occurred, we reverse.

Procedural History
This medical malpractice action concerns the 1989 death of Orlinda Stewart, the plaintiff's daughter. On August 27, 1991, a medical review panel unanimously found that Dr. Harvey Carter had not failed to meet the appropriate standard of care. On October 25, 1991, Ms. Stewart filed suit against Dr. Carter and his insurer, Louisiana Medical Mutual Insurance Company.
On March 25, 1999, defendants filed a motion for summary judgment, citing depositions, affidavits and interrogatories tending to show that the doctor met the applicable medical standard of care. The defendants made three unsuccessful attempts to serve this pleading on the plaintiff's attorney, Joann Gines.
Gines did not appear at the hearing on the motion set for April 26, 1999, so the defendants had the hearing reset for May 17, 1999, and on April 27 obtained a court order appointing a private process server to attempt service upon Gines. Again, the process server was unable to locate Gines despite numerous attempts. Finally, on May 7, 1999, defendants obtained a court order allowing the private process server to serve the motion for summary judgment on the plaintiff personally. Personal service on Ms. Stewart was accomplished on May 12, 1999.
Neither the plaintiff nor her attorney appeared on May 17 at the hearing on the motion for summary judgment. The court granted the motion for summary judgment, dismissing the plaintiff's case against defendants at plaintiff's cost.

Discussion
Appellant argues that the court did not allow her sufficient time between the service of the motion for summary judgment and the hearing on the motion. As shown above, the motion was served upon Ms. Stewart personally on May 12, 1999, and the court held the hearing on the motion less than ten days later on May 17, 1999.
The Code of Civil Procedure specifies the process by which a motion for summary judgment must be heard. La. C.C.P. art. 966 provides, in pertinent part:
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing.
In Anderson v. Allstate Insurance Company, 93-1102 (La.App. 1st Cir.4/8/94), 642 So.2d 208, 213, writ denied, 94-2400 (La.11/29/94), 646 So.2d 404, the court discussed *299 the purpose for the ten-day period between service and hearing of the motion for summary judgment:
The requirement of La. C.C.P. art. 966(B) that the motion for summary judgment be served at least ten days before the time specified for the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time to respond with evidentiary documentation of his own, either in the form of affidavits or discovery devices, and to be prepared to meet the legal argument of the moving party.
Compare, Bacon v. Cunningham, 99-135 (La.App. 5th Cir.5/19/99), 735 So.2d 931.
Although no fault of the defendants prevented the service of the pleading on plaintiffs counsel, the passage of only five days from personal service upon the plaintiff until the hearing obviously does not comport with the letter or the spirit of La. C.C.P. art. 966 B. We concur with the reasoning in the above cases holding that the ten-day delay between service and hearing is essential to a fair consideration of a motion for summary judgment. The grant of the motion disposes of part or all of a party's case, and not to afford the respondent a minimum time to reply to the motion is fundamentally unfair.
Accordingly, the judgment of the district court granting summary judgment in favor of defendants is reversed. Costs of this appeal are assessed to defendants, Dr. Harvey L. Carter and Louisiana Medical Mutual Insurance Company.
REVERSED.