769 So.2d 833 (2000)
Stacey L. JOHNSON
v.
Sean L. CANALE, Mrs. Sean L. Canale, ABC Insurance Company and DEF Insurance Company.
No. 00-CA-891.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 2000.
Steven J. Rando, New Orleans, Louisiana, Counsel for Sean L. Canale and Leslie Canale, Defendants-Appellants.
Marianne S. Pensa, New Orleans, Louisiana, Counsel for State Farm Fire and Casualty Company, Defendant-Appellee.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and H. CHARLES GAUDIN, Pro Tempore.
CHEHARDY, Judge.
This is a suit for misrepresentation in a sale of real estate. The individual defendants have appealed a partial summary judgment which found that the defendant insurer did not provide coverage to the individual defendants for the incident. We vacate the judgment and remand, finding that the trial court failed to comply with the mandatory time delay between rendition of the summary judgment and the trial date.
Stacey L. Johnson filed suit against Sean L. Canale, M.D., Mrs. Sean L. Canale, and their insurer, State Farm Fire and Casualty Company, alleging that the Canales were liable to plaintiff for misrepresentation in the sale of a condominium unit to plaintiff.[1] Plaintiff alleged the Canales *834 failed to disclose to plaintiff that there was a special assessment due the condominium association, that defendants knew about the special assessment prior to signing the agreement to purchase/sell and the act of sale, but defendants intentionally failed to disclose the information.
Plaintiff asserted she would not have purchased the property had she known of the pending assessment.[2] Plaintiff alleged defendants intended to deceive and defraud her and listed her damages as loss of use of funds, additional interest, attorney's fees, mental anguish, humiliation, costs of these proceedings, and loss of enjoyment.
State Farm brought a motion for summary judgment, seeking dismissal from the suit on the basis that its insurance policy does not provide coverage for plaintiff's claim.
The summary judgment hearing was set for June 24, 1999, with a trial date of July 15, 1999. After argument by counsel on June 24th, the trial court orally granted summary judgment to State Farm and directed the mover's counsel to prepare a judgment. The written judgment, however, was not signed by the trial court until July 14, 1999, one day before the date set for trial of the matter.
In the judgment the trial court granted summary judgment to State Farm, absolving it from any duty to defend and/or indemnify the Canales against the claims asserted by plaintiff.
On the following day, July 15, 1999, the date set for trial, plaintiff and the Canales reached a settlement during a pretrial conference. The settlement, which was read into the record, was for the sum of $11,000, inclusive of any and all principal, damages, attorney's fees, interest and costs, to be paid by the Canales to plaintiff in three equal installments from August 15, 1999 to January 15, 2000. The parties agreed further that a release and a motion to dismiss were be simultaneously signed but held by counsel until the last and final payment. In the event any payment was not made timely to the offices of plaintiffs counsel, the parties agreed the matter would be reset for a trial date after January 15, 2000, and the matter would not be considered settled or compromised in full until the last and final payment had cleared the bank. The Canales also stipulated they were reserving their rights against State Farm in connection with the coverage claim in the matter.
The Canales applied for a new trial, but the trial court denied the motion for new trial. The Canales appealed both the granting of the motion for summary judgment and the denial of the motion for new trial.[3]
On appeal the Canales argue, first, that the policy is ambiguous and thus must be construed to provide coverage. They contend, next, that the insurer is precluded from raising a coverage defense by its assumption and continuance of the Canales' defense without obtaining the insured's written agreement to non-waiver of the policy defense.
Our own review of the matter, however, discloses we cannot reach the merits of any of these claims because the trial court failed to comply with a mandatory time constraint regarding rendition of the summary judgment.
La. C.C.P. Art. 966 sets out the requirements for a motion for summary judgment and stipulates time limitations as to certain aspects of the motion. Paragraph B of the article requires that service of the motion for summary judgment and supporting affidavits *835 shall be made at least ten days prior to the time specified for the hearing on the motion. Paragraph D requires that the court shall hear and render judgment on the motion "at a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial."[4] (Emphasis added.) La. C.C.P. Art. 966(B), (D).
In this case, although the motion for summary judgment was heard on June 24, 1999-three weeks prior to the scheduled trial date of July 15, 1999-and the judge stated in open court that the motion would be granted, the written judgment was not signed until July 14, 1999-one day before the scheduled date of trial. That time sequence plainly violates the requirement of Article 966(D), because a final judgment or partial final judgment is not considered rendered until it is signed. See La. C.C.P. art 1911.
We find few cases discussing the requirement of Paragraph D that the summary judgment be rendered at least ten days prior to trial. In Bell v. Uniroyal, Inc., 96-2838 (La.App. 4 Cir. 6/11/97), 696 So.2d 268, 270, the trial court rendered summary judgment eight days before the trial date, but the Fourth Circuit refused to find that the violation of Art. 966 was ground to reverse the summary judgment because there was no evidence that the opponent's case was in any way prejudiced by the two-day delay and it appeared that the reason for the delay was the opponent's own last-minute submission of an affidavit.
In contrast, in Mitchell v. St. Paul Fire & Marine Ins. Co., 98-1924 (La.App. 4 Cir. 1/27/99), 727 So.2d 1245, 1247, the court of appeal reversed a summary judgment which the trial court had granted on the day before trial. The court held that granting the motion in violation of La. C.C.P. art. 966(D) constituted reversible error under the circumstances, in which the court found that rendering the judgment the day before trial was a "gross violation" of the mandatory provisions of Art. 966(D), that the opponent to the motion was not responsible for the fact that the summary judgment was not rendered until the day before trial, and that the opponent was not even granted a hearing on the motion and the opponent's motion for a continuance of the hearing was never ruled upon.
By analogy, this Circuit has applied strictly the other time requirement of La. C.C.P. Art. 966 (that the motion for summary judgment be served at least ten days prior to the hearing on the motion, Paragraph B). In Bacon v. Heirs of Cunningham, 99-135 (La.App. 5 Cir. 5/19/99), 735 So.2d 931, 932, we vacated a summary judgment in which the motion for summary judgment had been served upon plaintiff's counsel only five days prior to the date of trial. We held that the mailing of a copy of the motion for summary judgment to plaintiff's counsel, accompanied by a cover letter stating that defense counsel would attempt to have the hearing on the motion set on the morning of trial, did not *836 comply with the mandatory language of article requiring service at least ten days prior to hearing, where plaintiff's counsel did not receive the mailing under five days before the hearing/trial date.
In I.Q. Investments v. Cartozzo, 98-331 (La.App. 5 Cir. 9/29/98), 719 So.2d 1155, 1157, we vacated a summary judgment rendered against a pro se defendant, finding that the trial court abused its discretion in denying plaintiffs pro se motion to continue and in thereafter proceeding with the hearing on the motion for summary judgment.
See also, Stewart v. Carter, 33-203 (La. App. 2 Cir. 5/10/00), 759 So.2d 297, 298 (holding that the ten-day delay between service and hearing "is essential to a fair consideration of a motion for summary judgment").
Other cases have held that an objection to service is waived only when the opposing party appears at the hearing and argues the merits of the motion. See, e.g., Chaney v. Coastal Cargo, Inc., 98 1902 (La.App. 4 Cir. 1/20/99), 730 So.2d 971, 972; Strickland v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College, 432 So.2d 964, 967 (La. App. 4 Cir.1983); Donnie Derouen Elec. Service v. McKay, 406 So.2d 734, 736 (La. App. 3 Cir.1981).
We construe the jurisprudence to mean that the mandatory time requirements of Article 966 may be waived where circumstances indicate the opposing party acquiesced to violations of the time limitations, but where that party is prejudiced by other circumstances the time requirements will be strictly applied.
Here, the case was set to go to trial on July 15, 1999, the day after the summary judgment hearing. At the summary judgment hearing the judge indicated from the bench that she was granting the summary judgment. The effect of the summary judgment was to relieve State Farm of any obligation to defend or indemnify the Canales in this case. State Farm was not involved in the proceedings on the date of trial.
On July 15, 1999 the plaintiff and the Canales appeared at court for trial, but avoided trial by reaching a settlement which was read into the record. The settlement was not finalized on that day, because under its own terms it depended upon the Canales paying the settlement monies over time as had been agreed. The attorney representing the Canales had been assigned the case by State Farm and State Farm had retained separate counsel for itself because of the potential coverage defense.
Specifically, after State Farm was notified by the Canales that they had been served with this lawsuit, State Farm hired an attorney to represent them and that attorney filed an answer on the Canales' behalf. Later, after State Farm was named a defendant by supplemental and amending petition, State Farm hired another attorney for itself. The attorney hired by State Farm to represent the Canales represented them during the motion for summary judgment and on the following day during their settlement with plaintiff. Since then the Canales have been represented by different counsel, who filed the motion for new trial on their behalf and who represents them on this appeal.
In the motion for new trial the Canales' personally-retained new attorney raised the issue of failure to obtain an agreement of non-waiver of coverage, an issue which was not raised by the counsel retained for the Canales by State Farm. The principal case upon which the new counsel relies is Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213, 1216, which held that "when an insurer, with knowledge of facts indicating non-coverage under the insurance policy, assumes or continues the insured's defense without obtaining a non-waiver agreement to reserve its coverage defense, the insurer waives such policy defense." The reason for requiring agreement by the insured is that "[w]aiver principles are applied stringently *837 to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest." Id.
While we do not comment on the merits of this defense as applied in the this case, we note that the defense was not raised by counsel retained by the insurer on behalf of the potential insureds. Rather, the defense was first offered after enrollment of substitute counsel independently retained by the plaintiffs. It is possible that prior counsel did not raise the defense because he felt it had no merit. It is also possible, however, that this defense was overlooked by prior counsel due to conflicting loyalties.
We find such circumstances prejudicial in this case, requiring us to apply strictly the time prohibition of La. C.C.P. Art. 966(D) and to find the summary judgment is null because it was rendered less than ten days prior to the trial.
Accordingly, we do not consider the merits of the assignments raised by appellants. For the foregoing reasons, we vacate the partial summary judgment and remand the matter for further proceedings consistent with the views expressed herein. Costs for this appeal are assessed against State Farm Fire and Casualty Company.
JUDGMENT VACATED, CASE REMANDED.
NOTES
[1] Plaintiff designated the insurer(s) as ABC Insurance Company and DEF Insurance Company in the original petition, but named State Farm as the insurer by supplemental and amending petition.
[2] At the time of her deposition, plaintiff had paid $8,000.00 due to the assessment and she expected additional sums to become due in the future.
[3] The judgment contained a designation as a final judgment immediately appealable, pursuant to La. C.C.P. art. 1915.
[4] La. C.C.P. art. 966 states:

A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
* * *
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
* * *
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.