836 So.2d 309 (2002)
Jeanette Dufrene, Wife of/and Anthony DUFRENE
v.
DOCTOR'S HOSPITAL OF JEFFERSON, INC., Tenet Healthsystem Hospitals, Inc., a/k/a Tenet Louisiana Healthsystem and/or Tenet Healthcare Corporation and/or NME Hospitals, Inc., Medical Enterprises, Valerie Ann Besthoff, Virginia Frank Besthoff and James Bennett Besthoff.
No. 02-CA-654.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2002.
*310 Leonard J. Cline, Thomas G. Robbins, Metairie, LA, for Appellants, Jeanette Dufrene wife of/and Anthony Dufrene.
Kurt S. Blankenship, Robert I. Baudouin, Metairie, LA, for Appellees, Tenet Health System Hospitals, Inc. formerly known as NME Hosptials, Inc., Doctors Hospital of Jefferson, Inc. and Viginia Frank Besthoff.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
Plaintiffs, Jeanette Dufrene, wife of /and Anthony Dufrene, appeal from the trial court judgment in favor of Defendants, Doctors Hospital of Jefferson, Inc. (DHJ), Tenet Healthsystem Hospitals, Inc., A/K/A Tenet Healthcare Corporation and/or NME Hospitals, Inc. (Tenet), and Virginia Frank Besthoff (Besthoff), denying the Plaintiffs' motion for a continuance and granting the Defendants' Motion for Summary Judgment. For the reasons which follow, we affirm.
On November 5, 1998, Plaintiffs filed the instant tort suit against these Defendants as well as others who are not before us herein.[1] In the petition, Plaintiffs alleged that on November 5, 1997, Jeannette Dufrene was in Doctor's Hospital, walking down the hallway on the fifth floor when she slipped and fell on some water, allegedly puddled on the floor due to a leak problem. On October 30, 2001, Defendants filed a Motion for Summary Judgment on the grounds that there were no genuine issues of material fact and that none of the Defendants had any legal responsibility for the accident, injuries and damages sustained by the Plaintiffs. Defendants point out that Besthoff is nothing more than a co-owner of the land on which the hospital was built. She leased the land to Medical Enterprises who constructed the building and improvements thereon. Medical Enterprises then leased the building *311 to DHJ, who then entered into an operating sublease and management agreement with Tenet.[2] Tenet was Plaintiff's employer and, thus, her injuries were covered exclusively by worker's compensation. Therefore, Defendants argued that they were entitled to summary judgment in their favor and dismissal of the claims against them as a matter of law.
The Motion for Summary Judgment was originally scheduled for hearing on December 14, 2001. It was continued and reset for February 28, 2002. On February 26, 2002, Plaintiffs moved for a continuance of the summary judgment hearing, which Defendants opposed. On the morning of February 28th, the trial court first took up the request for a continuance. Upon finding that the case had been pending for over three years and that the summary judgment hearing had been previously continued, the trial court found that Plaintiffs had had ample time to take any necessary depositions and he denied the continuance. After considering the Motion for Summary Judgment on the merits, the trial court granted the summary judgment. On appeal the Plaintiffs argue that the trial court erred both in denying their motion for a continuance and in granting the summary judgment.

Motion for Continuance
Plaintiffs' counsel argues that the trial court erred in denying his motion for a continuance of the summary judgment hearing because he had not been allowed sufficient time to complete the necessary discovery. Plaintiffs' counsel relies primarily, in support of his argument, on the position that defense counsel, in correspondence between the attorneys, had repeatedly agreed that Plaintiffs would be allowed to take a La. C.C.P. art. 1442 Corporate Deposition of Tenet prior to the ruling on the Motion for Summary Judgment.
The Defendants argue to the contrary that they did not agree to postpone consideration of the summary judgment hearing indefinitely, while Plaintiffs further delayed in taking depositions. In fact, Defendants point out that in the very letter referred to by Plaintiffs, evidencing agreement on the depositions, defense counsel made a point of informing Plaintiffs that the summary judgment hearing would not be continued, stating: "I am stating at the outset that all discovery must be completed in time for the hearing."
In ruling on the continuance request, the trial court stated:
"Alright, I have heard enough on the issue of continuance. In taking all of those things that both sides have stated into consideration, and also taking into consideration that this rule had been set for four months, I am going to deny the continuance. The rule was set on October 31st, we are almost at four months since thenthe Motion to Continue filed two days ago, and when I consider all the things that I've heard, I'm sorry, I'm not going to grant the Motion to Continue."
The decision, whether to grant or deny a continuance, is a matter of the trial court's discretion. The trial judge is afforded wide discretion in the maintenance of his docket and any decision pertaining thereto will not be overturned absent a showing of breach of that discretion. La. C.C.P. art. 1601; I.Q. Investments v. Cartozzo, 98-0331 (La.App. 5th Cir.9/29/98), 719 So.2d 1155; Krepps v. Hindelang, 97-0980, 97-1034 (La.App. 5th Cir.4/15/98), 713 So.2d 519, rehearing denied.
*312 In this case, suit had been filed over three years prior to the summary judgment hearing. According to Defendants, no discovery was conducted during the first three years following the filing of suit. The Motion for Summary Judgment had been filed in October of 2001 and had been previously set for a hearing two months earlier. While it is true that correspondence between counsel indicated defense counsel's willingness to allow Plaintiffs to take the La. C.C.P. art. 1442 deposition, defense counsel made it clear from the outset that the deposition must be taken before the scheduled hearing date of February 28, 2002. The deposition was not taken timely and Plaintiff waited until two days before the hearing date to move for the continuance. Plaintiffs argue that defense counsel was uncooperative in setting up the deposition but there was no rule to compel filed by Plaintiffs. Upon review of the procedural history of this case, we cannot conclude that the trial court abused its wide discretion in denying the Plaintiffs' request for a continuance. Therefore, we affirm the denial of the motion to continue.

Motion for Summary Judgment
Plaintiffs argue that the trial court erred in granting the summary judgment in favor of the Defendants because there are genuine issues of fact that preclude the granting of the summary judgment. Plaintiffs argue that the Defendants' argument that liability for the accident rests solely with Tenet is not supported by the law or the contractual relationships in this case. Rather, Besthoff and DHJ can be held liable for Plaintiff's injuries upon a showing that they knew or should have known of the defect in the building and that they did not take reasonable steps to correct it. Plaintiffs argue that these are factual matters that have not been resolved.
Defendants argue that the considerations for each of the three Defendants are different, but all lack liability for Plaintiffs' injuries. Besthoff, who leased the land to Medical Enterprises to build the building, who leased it to DHJ, who subleased it to Tenet for management and operation, is so removed from a slip and fall on the fifth floor hall due to water, that there is no basis in law or fact for her liability. Tenet, the employer of Jeanette Dufrene, with whom Plaintiff settled in worker's compensation, is immune from tort liability. DHJ bears no responsibility for the slip and fall accident because it had contracted away any responsibility for management and operation of the building to Tenet and, irrespective of that, Plaintiffs have failed to rebut the defense showing that there was no knowledge of any prior incidents involving water at this location of the hospital. In other words, no one knew or should have known of any defect in the building that caused the accident.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir.9/29/98), 743 So.2d 680. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. *313 La. C.C.P. art. 966(A)(2); Magnon v. Collins, supra.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the trial court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C. P. art. 966(C)(2).
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Foster v. Consolidated Employment Systems, Inc., 98-948 (La.App. 5th Cir.1/26/99), 726 So.2d 494.
La. R.S. 9:3221, covering the liability of an owner where a lessee has assumed responsibility provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
Tenet assumed liability for the condition of the building in its operating and management agreement with DHJ. Tenet was Jeanette Dufrene's employer at the time of the accident and is immune from tort liability under worker's compensation provisions. Moreover, she settled her claims with Tenet and Plaintiffs' counsel conceded that it was appropriate to grant summary judgment in favor of Tenet.
Besthoff is merely the landowner and had nothing to do with the construction, maintenance or control of the building. According to the only evidence in the case regarding Besthoff, the lease itself, her only connection with the property was that she leased the land in an arms length transaction to Medical Enterprises who constructed the improvements thereon. As such, she bears no liability for Jeanette Dufrene's slip and fall on water on the fifth floor hallway. Lewis v. Meadowcrest Hospital, 559 So.2d 983 (La.App. 5th Cir.1990).
DHJ leased the building from Medical Enterprises and in turn entered into an operating sublease and management agreement with Tenet. The agreement provided that Tenet shall maintain, preserve and keep the leased premises in good condition, repair and working order. Thus, DHJ did not have responsibility for the maintenance of the building. It was merely a lessee who had subleased the building.
Plaintiffs argue that DHJ and Medical Enterprises are connected. Even assuming that to be true, to establish the liability of DHJ, under La. R.S. 9:3221, Plaintiffs' must prove that DHJ "knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time period."
In support of their Motion for Summary Judgment, the Defendant's presented two affidavits from Tenet personnel. Mary Fernandez, a nurse on the fifth floor in ICU where the accident happened, stated in her affidavit that Jeanette Dufrene reported *314 the accident to her. She saw the water on the floor. She stated further that she regularly worked in the ICU, passed the area where plaintiff fell four to five times a day, and never noticed any water on the floor in that area. Further, she stated that given the frequency with which she traveled the area, had water been present on the floor on a regular basis, she was certain that she would have seen it.
Joanne Romano, the house supervisor at the time of the accident, stated that her responsibilities included investigating incidents and that she never noticed nor received any complaints regarding water in the area where Jeanette Dufrene fell. Further, she stated she routinely checked the hospital for hazards such as water on the floor and never saw any water in the area in question.
In response, Plaintiffs put forth no counter-affidavits or other evidence. As stated above, on a Motion for Summary Judgment, where the movant does not bear the burden at trial and points out the absence of factual support for one or more elements of the adverse party's claim, if the adverse party fails to produce any factual support for the claim, there is no genuine issue of material fact and summary judgment may be granted.
In this case, the Defendants established through affidavits that there were no prior incidents of water leaking in the area where Jeanette Dufrene fell and, thus, as to DHJ, there was no knowledge or notice of a defect that was not corrected within a reasonable period of time. Absent such a showing, DHJ bears no liability, as owner of the structure leased to another, who had assumed responsibility for the condition of the building, to an employee who slips and falls on water in the hallway of the building.
Thus, based on the foregoing, we find that Defendants, as movers of the Motion for Summary Judgment, met their burden and were entitled to summary judgment in their favor.
Accordingly, we find that the summary judgment granted by the trial court in favor of Defendants, and the order dismissing Plaintiffs' claims against these Defendants is affirmed. Costs of appeal are assessed to Plaintiffs.
AFFIRMED.
NOTES
[1] Also named as defendants in the tort suit were Medical Enterprises, Valerie Ann Besthoff and Jane Bennett Besthoff. The record indicates that these defendants have not been properly served and objections have been filed.
[2] The sublease was originally made with NME Hospitals, Inc, Tenets predecessor-in-interest. All references to the sublessee hereinafter will be to Tenet.