813 So.2d 1142 (2002)
ACADIAN SERVICES, INC.
v.
Roy DURAND.
No. 01-1554.
Court of Appeal of Louisiana, Third Circuit.
April 3, 2002.
Staci Knox Villemarette, Cloyd, Wimberly & Villemarette, Lafayette, LA, Counsel for Appellee Acadian Services, Inc.
Robert M. Rush, Attorney at Law, Lafayette, LA, Counsel for Appellant Roy Durand.
Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS and MARC T. AMY, Judges.
YELVERTON, J.
The trial court gave judgment for Acadian Services, Inc., in a suit for payment for work performed for Roy Durand by Acadian. *1143 Finding that the indebtedness was an open account, the court awarded attorney fees. Durand appeals, claiming that the trial court was wrong in finding that their business arrangement was an open account and not a construction contract. Alternatively, Durand assigns error to the excessiveness of the award of attorney fees. We affirm and increase attorney fees for services on appeal.
Durand, owner of the closed Iberian Restaurant in New Iberia, and desiring to reopen it, hired Kevin Bradley to get certain work done for him, including air-conditioning units, water lines, and plumbing lines. Bradley had express authority to hire workers to perform the work required to do these various jobs. Bradley hired Acadian and signed two separate invoices from Acadian, one for demolition work on four air-conditioner units and another for the removal of gas and water lines. Acadian performed the work as required, but based on conversation with Bradley, kept the account on the services open in anticipation of further work on the building involving the same air-conditioning units and plumbing lines.
Around one week after the work was done, Durand fired Bradley. John Romero took Bradley's place. He tried to get in contact with Acadian to tell them he had taken over the job previously held by Bradley. He testified that he wanted to discuss proposals made by Acadian for the remainder of the work, but he and Acadian were never able to contact each other. The remaining work was eventually performed by another company. Almost two months after they performed the work for Durand, Acadian sent him a letter demanding payment for services rendered. When no payment was made, Acadian filed suit.
The trial court held that Acadian was owed $2,116.40 and it was an open account. Applying Louisiana Revised Statute 9:2781, the trial court awarded attorney fees in the amount of $2,000.
We agree that this was an open account. In Herb's Mach. Shop, Inc. v. John Mecom Co., 426 So.2d 762 (La.App. 3 Cir.), writ denied, 430 So.2d 98 (La.1983), the court listed four factors to be examined for a suit on open account. They are: (1) whether there were other business transactions between the parties; (2) a line of credit extended by the creditor to the debtor; (3) running or current dealings; and (4) expectations of other, future dealings. The present case meets the standards of the Mecom case.
Subsection C of Louisiana Revised Statute 9:2781 was amended effective August 30, 1983, to provide that a single transaction falls within the definition of "open account."[1]Commercial Credit Claims Ser. v. Richardson, 454 So.2d 177 (La.App. 1 Cir.1984). The amendment expanded the definition of "open account" to include a single transaction and also to include debts for professional services. The expanded Subsection C reads as follows (footnote omitted):
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section *1144 only, attorney fees shall be paid on open accounts owed to the state.
Because of this expanded definition, the difficulty in distinguishing between an ordinary construction contract and an open account is increased. However, we do not encounter any such difficulty here. There remains one outstanding difference. In the typical construction contract, payment is expected upon completion of the job. Petron, Inc. v. Magic-Mart, Inc., 94-28, (La.App. 3 Cir. 10/5/94), 643 So.2d 441. In the present case, two separate jobs were performed, with two separate invoices, and payment was not expected upon completion of either of the jobs. One reason payment was not immediately expected was that Acadian anticipated performing additional work for Durand. While the demolition of the air-conditioning units and removal of the pipe was construction work, it was not a construction contract, because Acadian withheld demanding payment in anticipation of future work installing and servicing replacement units and pipes. The owner of Acadian testified that he often carried balances for customers for ongoing work. The trial court's finding that the account was an open account is not manifestly erroneous and will not be disturbed.
Durand's second assignment of error is that the trial court erred in awarding attorney fees pursuant to Louisiana Revised Statute 9:2781. Because we are affirming the finding that there was an open account, it was not error for the trial court to award attorney fees under the statute. All of the formalities of the statute were met. Therefore, this assignment of error is without merit.
In his final assignment of error, Durand claims that the trial court erred in granting excessive attorney fees to Acadian. The trial court awarded $2,000 in attorney fees on the $2,116.40 judgment. The award was supported by evidence of work performed by Acadian's attorney. Considering the time and effort involved in litigating this matter, the trial court did not abuse its discretion in making this award.
Acadian seeks additional attorney fees for the appeal of this case. Because attorney fees were correctly awarded below, to not award increased attorney fees for the additional work required for this appeal would be inconsistent with that judgment. Accordingly, an additional $500 in attorney fees is hereby awarded to Acadian for services rendered on appeal.
For the reasons stated above, the decision of the trial court is affirmed. The award of attorney fees is increased by $500. Costs of this appeal are assessed to the Appellant.
AFFIRMED AS AMENDED.
NOTES
[1] Louisiana Revised Statute 9:2781 was amended by Acts, 2001, No. 1075, § 1, after this suit was filed, with subsection C now designated as subsection D.