966 So.2d 646 (2007)
Rosetta IRONS, Rickey Nye, William Watts, Sylvia Van Buren, Rose Thomas & Shannon Thomas, Lynell Clark and Bruno & Bruno, LLP
v.
US BANK, INC.
No. 2007-CA-0570.
Court of Appeal of Louisiana, Fourth Circuit.
August 14, 2007.
Max Nathan, Jr., Sessions, Fishman & Nathan, L.L.P., and David S. Scalia, Stephen P. Bruno, Bruno & Bruno, New Orleans, LA, for Plaintiff/Appellee.
Michael H. Rubin, Juston M. O'Brien, Jamie D. Seymour, McGlinchey Stafford, PLLC, Baton Rouge, LA, and Stephen W. Rider, Lisa D. Munyon, McGlinchey Stafford, PLLC, New Orleans, LA, for Defendant/Appellant.
*647 Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY.
PATRICIA RIVET MURRAY, Judge.
This is a concursus proceeding. This proceeding was commenced by seven homeowners and their attorney, the law firm of Bruno & Bruno, L.L.P., Inc. (the "Bruno Firm"), against U.S. Bank, Inc., which is the holder of the mortgage on each of the homeowners' residences and an additional loss payee on each of their insurance policies.[1] The narrow legal issue presented in this proceeding is whether the Bruno Firm's privilege and interest for its attorney's fees in the insurance settlement funds it obtained on the homeowners' behalf is superior to U.S. Bank's interest as mortgagee-loss payee in such funds. Answering that question in the affirmative, the trial court found the plaintiffs were entitled to summary judgment as a matter of law. For the reasons that follow, we affirm.[2]

FACTUAL AND PROCEDURAL BACKGROUND
In August 2005, the homeowners suffered damages to their residences as a result of Hurricane Katrina. Dissatisfied with the amount of the initial settlement their insurance companies paid to them and to U.S. Bank as an additional loss payee, the homeowners retained the Bruno Firm to pursue their claims for increased insurance settlement amounts. In so doing, the homeowners entered into a contingency fee contract with the Bruno Firm whereby the firm would receive 25% of any recovery by the homeowners from their insurers above the initial settlement amounts.
The Bruno Firm successfully obtained increased recoveries from the respective insurers on behalf of each of the homeowners. The insurance companies made the settlement checks payable to the homeowner, U.S. Bank, and the Bruno Firm. Given the ethical mandate that an attorney deposit settlement checks into its escrow account before dispersing the funds, the Bruno Firm requested that U.S. Bank endorse the checks. US Bank refused to do so.
In July 2006, the Bruno Firm and the homeowners commenced the instant concursus proceeding pursuant to La. C.C.P. art. 4651.[3] In this proceeding, the plaintiffs sought a determination of the Bruno Firm's right to withdraw 25% of the amount deposited for each of the plaintiff-homeowners as its attorney's fee. As noted, the plaintiffs filed a motion for summary judgment. Following a hearing, the trial court granted the plaintiffs' motion for summary judgment. US Bank then filed a motion for new trial, which was denied. This appeal followed.

*648 DISCUSSION
On appeal, U.S. Bank asserts that the trial court erred in granting summary judgment both procedurally and substantively. Procedurally, it contends that the trial court was mandated to grant its request for a continuance for two reasons: (i) the motion for summary judgment was untimely and improperly noticed, and (ii) there was a pending motion to compel discovery that the trial court had not ruled upon. Substantively, it contends that summary judgment was improper because its rights as a mortgagee-loss payee are superior to the Bruno Firm's privilege for its attorney's fees.
The timing of the notice of a motion for summary judgment is provided for in La. C.C.P. art. 966(B), which requires that "[t]he motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing." La. C.C.P. art. 966(B). Although the plaintiffs do not dispute that the timing requirement was not met, they contend that U.S. Bank waived this requirement by appearing in court on the appointed day and arguing the merits of the motion. In support, they cite Strickland v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College, 432 So.2d 964 (La.App. 4th Cir.1983), and Johnson v. Canale, 00-89 (La.App. 5 Cir. 10/18/00), 769 So.2d 833. They cite these cases for the proposition that the mandatory timing requirement of Article 966(A) can be waived when the circumstances indicate that the opponent acquiesced in the violation of the timing requirement, and the opponent is not prejudiced by that violation. Johnson, 00-89 at p. 7, 769 So.2d at 836 (citing Strickland, supra). We find no error in the trial court's implicit finding that U.S. Bank was not prejudiced.
US Bank also argues that it was premature to grant summary judgment given its outstanding motion to compel discovery. We disagree. The issue presented by the motion for summary judgment, as the plaintiffs point out, was the purely legal one of whether its attorney's fee privilege ranks first ahead of U.S. Bank's interest.
The summary judgment procedure is favored in this state and is designed to allow for the just, speedy, and inexpensive resolution of every case. King v. Parish National Bank, XXXX-XXXX, p. 7 (La.10/19/04), 885 So.2d 540, 545; La. C.C.P. art. 966(A)(2). Appellate courts review grants of summary judgment de novo using the same standard applied by the trial court in deciding the motion for summary judgment. Schmidt v. Chevez, 2000-2456, p. 4 (La.App. 4 Cir.1/10/01), 778 So.2d 668, 670. Under that standard, a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Schmidt, 2000-2456 at p. 3, 778 So.2d at 670. A fact is "material" if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Schmidt, 2000-2456 at p. 3, 778 So.2d at 670 (citing Moyles v. Cruz, 96-0307 (La.App. 4 Cir. 10/16/96), 682 So.2d 326).
As the trial court noted in its reasons for judgment, the pertinent undisputed facts on which the summary judgment motion was based are as follows:
 The homeowners have contingency fee contracts with the Bruno Firm for that firm to seek increased insurance proceeds for their Katrina related property damages.

*649  The Bruno Firm has succeeded in obtaining increased insurance proceeds from the homeowners' insurance companies.
 The insurance companies have made the settlement checks payable to the homeowner, U.S. Bank, and the Bruno Firm.
 The Bruno Firm has requested authorization from U.S. Bank to deposit the insurance settlement checks into its escrow account.
 US Bank did not participate in connection with the recovery of the funds at issue.
The legal issue on which the trial court granted summary judgment is whether the Bruno Firm's privilege for its contingency fee in the settlement funds it obtained for the homeowners is superior to U.S. Bank's interest. The applicable statutory provision that applies to this dispute is La. R.S. 37:218(A), which provides:
By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.
La. R.S. 37:218(A). The legislative history of this provision was discussed in detail in Calk v. Highland Constr. & Mfg, 376 So.2d 495, 499 (La.1979).
In Calk, supra, the Louisiana Supreme Court addressed a dispute between a personal injury plaintiff, the plaintiff's attorney, and the plaintiff's judgment creditor over the proceeds of the plaintiff's tort settlement. In finding the attorney's lien under La. R.S. 37:218 outranked the judgment creditor's claim under R.S. 13:3864, the Supreme Court reasoned that the legislative intent behind La. R.S. 37:218 was "to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment." Calk, 376 So.2d at 499. The Court stated that the statute gives the attorney "a privilege to the extent of his earned fee on any recovery obtained by settlement." Id. The Court further stated that the attorney's contract need not be recorded for the attorney's fees claim to succeed; "however, for the attorney to succeed he must assert his claim by intervention or other legal proceedings prior to disbursement of the proceeds to a third party." Id.
In this case, the plaintiffs contend that the language of La. R.S. 37:218 and the holding in Calk support their position that the Bruno Firm is entitled to a first ranked privilege for its attorney's fees on the insurance proceeds it obtained on behalf of the homeowners. They contend that U.S. Bank as mortgagee-loss payee is not the owner of the insurance proceeds. See La. C.C. art. 477(A)(defining ownership as "the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law.") US Bank is required to hold the insurance proceeds as security to ensure the homeowner-mortgagors make the necessary repairs to their property. It follows, they contend, that U.S. Bank's status as mortgagee-loss payee does not trump the Bruno Firm's first ranked privilege in the insurance proceeds for its attorney's fee.
US Bank counters that when an insurance policy contains a loss payee clause, the mortgagee is contractually entitled to *650 all of the insurance proceeds before the mortgagor-owner or those claiming through the owner are entitled to recover any amount. US Bank, as it did in the trial court, cites Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623 (5th Cir. 2002), for the proposition that its contractual claim as a loss payee is superior to that of the Bruno Firm's privilege for its attorney's fees.
In Hussain, the plaintiff, Javaid Hussain, d/b/a Sheik's Oriental Rugs, was insured by Boston Old Colony ("BOC"); and his mortgagee, Hibernia Bank, was named as a loss payee. After the mortgaged property was destroyed by a fire, Mr. Hussain defaulted on his loan, and Hibernia obtained a state court judgment recognizing its continued security interest in the property. Hibernia also filed a separate state court suit in its capacity as loss payee against both Mr. Hussain and BOC to recover a portion of the policy proceeds. Mr. Hussain also filed suit in state court against BOC. A final judgment was entered in state court holding BOC liable to both Mr. Hussain and Hibernia for the policy limits "as their interests appear in the Policy." The suit subsequently was removed to federal court. In the federal court, one of the issues presented was whether the claim of Hibernia, as mortgagee-loss payee, outranked the privileged claim of Mr. Hussain's attorney, Mr. Rando, in the distribution of insurance proceeds.[4] Rejecting the argument that Mr. Rando's attorney's fee should be calculated on the gross amount of the settlement, the federal court held that Hibernia, as mortgagee-loss payee, was a superior creditor to Mr. Rando.
In this case, the trial court in its reasons for judgment factually distinguished the Hussain case from this one, stating: "[d]riving the Fifth Circuit's opinion was the fact that the mortgagee was the first to pursue the claim, and that the mortgagee was active in protecting its interest." The trial court stressed that the federal court mentioned this fact multiple times throughout the opinion. The trial court thus concluded:
Applying the result in Hussain to these facts would be patently unfair. Here, the mortgagee has done nothing to protect its interest, yet expects to reap the benefits of the insured homeowner's and the insured homeowner's attorney's work and expense. Bruno was the first  and only  attorney to expend resources and effort to obtain a bigger recovery on behalf of the homeowner, and consequently, the mortgagee. Bruno alone interrupted prescription. Bruno alone commenced the accrual of judicial interest. Not allowing Bruno & Bruno to recover its fees in untenable result.
We agree. We thus find no error in the trial court's holding that the Bruno Firm's privilege in the settlement proceeds is superior to that of U.S. Bank.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurring.
I respectfully concur in order to assign reasons that in my view support the majority's conclusion that U.S. Bank waived its right to object to the fifteen day advance *651 notice for the hearing provided for in La. C.C.P. art. 966 B on the appellant's motion for summary judgment.
After unsuccessful correspondence with U.S. Bank extending over months trying to obtain U.S. Bank's signature on checks for insurance settlement proceeds, the plaintiffs filed their petition for concursus; the trial court by order dated 14 July 2006 simultaneously set a show cause hearing for 11 August 2006 on a show cause order why Bruno & Bruno, L.L.P., the appellant, should not be allowed to withdraw his 25% of the monies deposited in the court's registry for their legal fees. On 3 August 2006, an order was signed that set a show cause hearing for 11 August 2006 why the appellant should not be allowed to withdraw 33% of a portion of the funds in the court registry as its fee.[1] Service was effected by the long arm statute.
On 10 August 2006, one day prior to the hearing and following U.S. Bank obtaining an extension of time to plead, U.S. Bank removed the case to the United States District Court for the Eastern District of Louisiana that by operation of law stayed the 11 August 2006 hearing. Following remand by federal court, the appellant obtained an order on 13 September 2006 resetting their show cause hearing for 11 November 2006.[2] US Bank propounded discovery to the appellant on 2 October 2006.[3]
On 23 October 2006, U.S. Bank answered the petition. On 24 October 2006, U.S. Bank filed a dilatory exception of unauthorized use of summary proceedings, asserting that the appellant could not obtain the sought relief by rule, that contained an order setting a hearing on U.S. Bank's motion for 17 November 2006.[4] US Bank also filed a motion to compel answers to their discovery that was also set by court order for 17 November 2006.[5]
On 2 November 2006, U.S. Bank filed a peremptory exception of no cause of action and obtained an order on 3 November 2006 setting a hearing date of that motion for 17 November 2006.[6] The substance of the memorandum in support of the exception is a defense to the as yet unfiled motion for summary judgment. The appellant timely filed an opposition to same.
On 6 November 2006, the appellant filed the motion for summary judgment at issue in this appeal and a memorandum in support thereof; and a hearing date was set for 17 November 2006.
Subsequently, U.S. Bank filed a reply memorandum on 15 November 2006 to the appellant's opposition to the exception of no cause of action. The opposition can be read to essentially address the same issues in the appellant's motion for summary judgment.
On the morning of 17 November 2006, prior to the hearing of all set motions, U.S. Bank filed an opposition to the appellant's motion for summary judgment, accompanying with it a statement of uncontested facts.
On 11 December 2006, the trial court rendered a written judgment granting the *652 appellant's motion for summary judgment, and overruling U.S. Bank's exception of no cause of action and unauthorized use of summary proceedings.
US Bank thereafter timely filed a motion for new trial (silent on the fifteen day issue), obtaining an order setting same for hearing on 23 March 2007. The appellant obtained an order resetting the motion for 9 February 2007 asserting that expedited consideration was warranted. The new trial motion was denied by judgment signed on 13 February 2007.
Thereafter, the appellant filed a supplemental petition for concursus to which U.S. Bank filed identical exceptions. For all intent and purposes, I find these filings to be immaterial to resolution of the issue presently before the court.
The transcript of the hearing of 17 November 2006 affirmatively reflects that U.S. Bank asked to continue the motion for summary judgment arguing that they did not have the full fifteen days allowed by law. They asserted that they had not had answer to their discovery. The trial court proceeded to decide the issues by taking the matter under advisement. I note that U.S. Bank did not file a further opposition to the hearing of the motion for summary judgment prior to the trial court ruling upon same.
From the foregoing, I find that U.S. Bank waived their right to the full fifteen day advance notice of the motion for summary judgment. La. C.C.P. art. 2164.
NOTES
[1] There are six homeowners named as plaintiffs in the petition. A seventh homeowner was added to the suit by an intervention.
[2] As directed by Louisiana Supreme Court, this court has implemented procedures for handling Hurricane Katrina and Hurricane Rita related civil cases in an expedited manner. Pursuant to those procedures, this case was docketed before a five-judge panel and decided in an expedited manner.
[3] Although U.S. Bank removed this case to federal court, it was remanded to state court. US Bank then filed exceptions of no cause of action and improper use of summary proceedings. The exception of improper use of summary proceedings was based on the plaintiffs' initial setting of the matter as a rule to show cause. US Bank also filed a motion to compel the plaintiffs to respond to various discovery requests.
[4] We note, as did the trial court, that the statutory privilege provision at issue in Hussain was La. R.S. 9:5001, not La. R.S. 37:218.
[1] Technically, this order was invalid because it was not signed by a judge, but by a court crier. The order signed did more than merely set a hearing date.
[2] Again this order was signed by a court crier.
[3] This discovery was formally objected to on 24 October 2006 by the appellant asserting the discovery sought was privileged and irrelevant, and a formal opposition was filed thereto.
[4] See footnote 2.
[5] See footnote 2.
[6] See footnote 2.