# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 08-888


**TATE AND APRIL VANDER**

**VERSUS**

**SAFEWAY INS. CO. OF LA.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-834
HONORABLE R. RICHARD BRYANT  JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**Cooks, J., affirms in part and dissents in part.**

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

**Cris Rader Jackson**
**Jackson & McPherson, L.L.C.**
**1010 Common St., Suite 1800**
**New Orleans, LA 70112**
**(504) 581-9444**
**Counsel for Defendant/Appellee:**
**Centrix Funds Series, CLPS**

**Melissa Faye Doise**
**Borne & Wilkes**
**200 W. Congress St, #1000**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant/Appellee:**
**Safeway Ins. Co. of LA.**

**Gregory P. Marceaux**
**Marceaux Law Firm, L.L.C.**
**2901 Hodges St.**
**Lake Charles, LA 70601**
**(337) 310-2233**
**Counsel for Plaintiffs/Appellants:**
**Tate Vander and April Vander**

**SAUNDERS, Judge.**

This is a concursus proceeding. The owners of a vehicle filed suit against their insurer for failure to satisfactorily pay for the property damage to their vehicle. A settlement was reached, but when the checks were issued, they included the name of a secured creditor who had loaned the vehicle's owners the money to purchase the vehicle under an installment contract. The attorney for the vehicle's owners returned the checks to the insurance company, demanding that the creditor's name be removed from them.

The insurance company responded by depositing the settlement proceeds with the registry of the court and filing a concursus proceeding naming the vehicle's owners, their attorney, and the secured creditor as defendants. The vehicle's owners and their attorney filed a motion to withdraw funds from the registry of the court. After a hearing on the motion, the trial court found that the proceeds should go to the secured creditor. All three party defendants have appealed, each alleging one assignment of error.

We find that the trial court failed to recognize the special privilege granted to the attorney for its fees and expenses under La.R.S. 37:218. As such, we reverse the trial court's judgment and render that the attorney is first to be paid its fees and expenses as per its contract with the vehicle's owners. The remainder of the proceeds are to be paid to the secured creditor. Further, we award the secured creditor attorney's fees as allowed for under its contract with the vehicle's owners in the amount of $1,000.00 for work done at the trial level and $1,000.00 for work done on the appellate level.

**FACTS AND PROCEDURAL HISTORY:**

The facts of this case are not in dispute. Tate and April Vander (the Vanders)

are the owners of a 2004 Dodge pick-up truck. The Vanders had a policy of automobile liability insurance issued by Safeway Insurance Company of Louisiana (Safeway). The policy also included comprehensive and collision insurance.

Centrix Funds Series CLPS (Centrix) is the holder and owner of a retail installment contract, executed by the Vanders, dated March 31, 2005, in the amount of $30,445.20 used for the purchase of the 2004 Dodge pick-up truck. Centrix duly perfected its security interest in the vehicle.

On or about September 4, 2005, the truck was allegedly stolen from the Vanders' home. The truck was found in a creek bed with the interior of the truck having been burned. On or about October 17, 2005, after returning home from being evacuated from Hurricane Rita, Mr. Vander discovered that his vehicle was not operating properly and, after having it inspected, was advised that sand and gravel were found in the oil pan.

The Vanders made a claim against Safeway for what they believed to be the full amount of property damages, inclusive of both the fire damage and the engine damage. Safeway refused to pay for the engine damage, contending that they only owed $2,804.37 for the fire damage.

As a result of this dispute, the Vanders hired the Marceaux Law Firm (Marceaux) to represent them in their dispute with Safeway. The contract between the Vanders and Marceaux stated that the attorney's fees for representation would be one-third (1/3rd) of all amounts recovered. Further, the contract included an agreement that, should recovery be made, the Vanders would be personally obligated to refund Marceaux costs and expenses associated with the matter.

The Vanders, with representation by Marceaux, filed suit against Safeway. The

2

day before trial, the Vanders settled the claim for a total of $9,108.40. The proceeds were forwarded to Marceaux via two checks, one in the amount of $2,804.37, the other for $6,304.03, for a total of $9,108.40. Both checks included Centrix's name on them.

The settlement checks were returned to Safeway with the demand that the name of Centrix be removed from them. Rather than remove Centrix from the checks, Safeway instituted a Petition for Concursus against the Vanders, Marceaux, and Centrix. Safeway deposited funds in the registry of the court in the amount of $9,108.40.

All three defendants to the concursus proceeding answered the petition. Thereafter, a motion to withdraw funds from the registry of the court was filed by Marceaux and the Vanders. Marceaux sought payment of its attorney's fees and costs, and the Vanders sought the remaining settlement funds.

On February 14, 2008, the trial court conducted a hearing to determine which party was entitled to what amount of the settlement proceeds. At the hearing, evidence was introduced indicative of the settlement agreement between the Vanders and Safeway, the contract between the Vanders and Marceaux, and the cost statement of Marceaux. Following the hearing, the trial court took the matter under advisement.

On March 14, 2008, the trial court found that Centrix was entitled to all of the funds held in the registry of the court. Marceaux, the Vanders, and Centrix have all appealed the trial court's judgment. They are alleging the following assignments of error, respectively:

**ASSIGNMENTS OF ERROR:**

1.  The trial court erred when it failed to award attorney's fees and costs to Marceaux.

3

2    The trial court erred when it chose to award the remaining settlement proceeds to Centrix rather than to the Vanders.

3.    The trial court erred in not awarding attorney's fees and costs to Centrix.

**ASSIGNMENT OF ERROR #1:**

Marceaux alleges that the trial court erred when it failed to award it attorney's fees and costs. Its argument is that the trial court committed a legal error when it incorrectly ranked the privileges to the settlement proceeds. We agree.

Whether an attorney's fee privilege ranks ahead of a privilege asserted by another with a competing security interest is purely a matter of law. *Irons v. U.S. Bank, Inc.*, 07-570 (La.App. 4 Cir. 8/14/07), 966 So.2d 646. Whether the trial court correctly interprets the law is subject to a de novo review. *Randall v. Concordia Nursing Home*, 07-101 (La.App. 3 Cir. 8/22/07), 965 So.2d 559, *writ denied*, 07-2153 (La. 1/7/08), 973 So.2d 726.

Louisiana Revised Statutes 37:218 (emphasis added), in pertinent part, states:

A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. *Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.*

. . . .

B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

We find the language of this statute to be clear. Marceaux's claims for its attorney's fees and costs constitute a special privilege superior to the privilege granted to Centrix under Louisiana Commercial laws. The trial court relied upon

*General Motors Acceptance Corp. v. Wausau Insurance Co.*, 27,989 (La.App. 2 Cir. 2/28/96), 669 So.2d 619 for its finding that Centrix would receive all the proceeds deposited by Safeway in its registry. This case does address the issue before us.

The *General Motors* case relied upon by the trial court involves competing interests between a creditor and a debtor in proceeds paid by an insurance company for damage done to a vehicle it insured. However, the case cited by the trial court does not address whether the security interest asserted by a creditor outranks that asserted by an attorney for its fees and costs under La.R.S. 37:218. As such, the trial court's reliance on this case was incorrect.

A more pertinent case is that of *Irons*, 966 So.2d 646. In *Irons* our forth circuit found that the special privilege granted to an attorney for fees and costs precedes that of a mortgagee for insurance proceeds paid for damages to the mortgaged property. The court's rationale was that without the attorney's efforts, the proceeds would not have been generated. Here, we are presented with a nearly identical scenario.

Without the efforts and expenses put forth by Marceaux, Safeway would have paid only $2,804.37 for the property damage to the pick-up. Given that the total recovery exceeded that amount three fold, it is only reasonable to conclude that it would violate traditional notions of fairness to prevent Marceaux from reaping the benefits of its endeavor.

As such, we find that the trial court committed legal error in denying Marceaux its contractually agreed upon attorney's fees, costs, and expenses. The record includes documentary evidence that Marceaux and the Vanders agreed upon an attorney's fee of "one-third (1/3rd) of all amounts recovered." The contract between Marceaux and the Vanders also included the following sentence: "It is agreed and understood that

I (we) are personally obligated to refund to the attorneys costs and expenses associated with this matter." Marceaux submitted documentary evidence that it has expended $940.79 in costs and expenses.

Accordingly, we reverse the trial court's ruling that Centrix is entitled to the full proceeds available ($9,108.40) in the court's registry. We render that the correct judgment is that Marceaux is entitled to one-third of that sum, $3,036.13, plus its costs and expenses submitted, $940.79, for a total of $3,976.92. This leaves a balance of $5,131.48 in the court's registry, the dispersion of which we will address in the remaining assignments of error.

**ASSIGNMENT OF ERROR #2:**

The Vanders contend that the trial court erred when it chose to award the settlement proceeds deposited in its registry to Centrix. We have already found this to be erroneous in Assignment of Error #1 because Marceaux's special privilege granted to it in La.R.S. 37:218 outranks the privilege asserted by Centrix. As such, we will now conduct a de novo review of the record to determine whether the remaining settlement proceeds should be dispersed to Centrix or to the Vanders.

"Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith." La.Civ.Code art. 1983. Louisiana Civil Code article 2046 states, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

Centrix argues that while it is true that the insurance contract between Safeway and the Vanders is the law between those parties, it is also true that the retail installment contract between it and the Vanders is the law for them. As such, Centrix

6

contends that its retail installment contract's terms and conditions with the Vanders clearly provides that it is entitled to ownership of the insurance proceeds paid by Safeway. We agree.

The contract between Centrix and the Vanders states, in pertinent part, the following:

2. YOUR OTHER PROMISES TO US:

. . . .

    c.    Security interest
            You give us a security interest in:

            . . . .

            • All money or goods received (proceeds) for the vehicle;

            . . . .

    d.    Insurance you must have on the vehicle.

            . . . .

            If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

It is clear from the language of the contract that the Vanders granted Centrix a valid security interest in any proceeds from an insurance settlement for damage to the vehicle. Here, there is no dispute that there is damage to the vehicle, and there is no dispute that the proceeds in the court's registry are from Safeway paying an insurance settlement

The Vanders argue that the written settlement agreement they perfected with Safeway constitutes a transaction or compromise between them and has the force of a thing adjudged. They contend that because the settlement agreement does not provide for the name of Centrix to be placed on the settlement check, Safeway has

7

failed to comply with the settlement agreement as written. As such, the Vanders assert that their motion to withdraw the funds from the registry of the court was a valid action to seek enforcement of the settlement agreement.

The Vanders' argument is misguided. Whether there is a transaction or compromise between the Vanders and Safeway is not pertinent to the question before us. The contents of that alleged transaction or compromise do not alter the security interest granted to Centrix by the Vanders in their retail installment contract.

The Vanders state in brief that Safeway settled the dispute with them for $6,304.03, with Safeway paying an additional $2,804.37 for the property damage to the vehicle. Even though the Vanders averred in their petition for damages that they suffered damages for loss of use of the vehicle, and also pled for statutory penalties and attorney's fees, it is clear from the record that the total, $9,108.40, was for property damage. Paragraph six in Safeway's petition for concursus states (emphasis added):

> In an effort to compromise this matter Safeway Insurance Company of Louisiana initially paid $2,804.37 to Tate Vander, April Vander, Marceaux Law Firm LLC and Centrix Financial Corporation Service Company for the fire damage. Subsequently, on June 11, 2007, Safeway Insurance Company of Louisiana settled *the engine damage claim* for $6,304.03 and made the check payable to Tate Vander, April Vander, Marceaux Law Firm LLC and Centrix Financial Corporation Service Company.

The Vanders answered this petition for concursus. In that answer, in paragraph six, the Vanders stated, "[t]he allegations contained in Paragraph 6 are admitted." Clearly this is an admission by the Vanders that the settlement proceeds were for damage to the vehicle and not for damages associated with loss of use of the vehicle or statutory penalties or attorney's fees. As such, given the security interest the Vanders granted to Centrix in the retail installment contract, we render that the

8

remainder of the proceeds in the court's registry is to be dispersed to Centrix.

**ASSIGNMENT OF ERROR #3:**

Centrix contends that the trial court erred in not awarding it attorney's fees and costs. We find that this contention has merit.

It is well-established that, generally, attorney's fees are not allowed except where authorized by statute or agreed to by contract. *State, DOTD v. Williamson*, 597 So.2d 439 (La.1992).

The retail installment contract between Centrix and the Vanders is the law between them. It includes the following (emphasis added):

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

. . . .

    c.    You may have to pay attorney's fees and collection costs. *If we hire an attorney to collect what you owe or to enforce this contact, you will pay the attorney's fees.* If you purchased the vehicle for personal, family or household purposes, the attorney's fees you owe will not exceed 25% of the total amount payable under this contact. You will also reimburse use for our out-of-pocket collection costs and expenses in collecting what you owe and enforcing our security interest under this contract.

It is clear that the law between Centrix and the Vanders is that the Vanders will pay the fees that Centrix incurred in hiring an attorney to enforce the contract. As such, the trial court erred in not awarding Centrix attorney's fees and costs. Although the record does not have any support for how much Centrix incurred in attorney's fees, when it is evident from the record what services the attorney provided, proof of those services is not necessary. *Fed. Serv. Corp. v. Mule-Durel, Inc.*, 95-2192 (La.App. 4 Cir. 5/15/96), 676 So.2d 597, *writ denied*, 96-1562 (La. 9/27/96), 679 So.2d 1346.

At the trial level, Centrix answered the petition for concursus, attended a hearing on Marceaux and the Vanders' motion to withdraw funds from the court's registry, and submitted a post-hearing brief. Given that we have the entire record before us, coupled with the interest of judicial economy, we determine that Centrix was reasonably entitled to $1,000.00 in attorney's fees for work done at the trial level.

**ANCILLARY MATTER:**

Centrix has requested attorney's fees for work done on this appeal. We grant this request.

"An increase in attorney's fees for services rendered on appeal is *usually* awarded when the defendant appeals and obtains no relief on appeal, and when the plaintiff requests it in accordance with proper appellate procedure." *Riche v. Krestview Mobile Homes, Inc.*, 375 So.2d 133, 138 (La.App. 3 Cir. 1979). (Emphasis added.) "Because attorney fees were correctly awarded below, to not award increased attorney fees for the additional work required for this appeal would be inconsistent with that judgment." *Acadian Serv., Inc. v. Durand*, 01-1554, p.4 (La.App. 3 Cir. 4/3/02), 813 So.2d 1142, 1144.

Despite the *Riche* court's inclusion of the word "usually," there are cases in this circuit that ignore its presence and systematically disallow a request for attorney's fees for appellate work performed if the opposing party gets any relief, irrespective of the overall result of the case. For an example of such, see *Vickers v. Interstate Dodge*, 04-109 (La.App. 3 Cir. 9/29/04), 882 So.2d 1236, wherein a proper request for additional attorney's fees for work performed on appeal was denied because a defendant/appellant successfully appealed $300 of a $25,000 judgment.

We find no basis, jurisprudentially or otherwise, to routinely deny attorney's

10

fees on the ground stated in cases such at *Vickers*. If we were to continue the trend of denying attorney's fees to litigants for work performed on appeal due to that party's inability to achieve complete success, we are concerned that a chilling effect would take place. The automatic denial of appellate attorney's fees would tend to discourage a party from asserting an issue it feels needs appellate adjudication. See Judge Culpepper's dissent in *Gagnard v. Travelers Ins.Co.*, 380 So.2d 191 (La.App. 1 Cir. 1980).

Prior to *Riche*, in the case of *Neck v. Coleman Oldsmobile, Inc.*, 356 So.2d 532 (La.App. 1 Cir. 1977), our first circuit granted the opposing party some relief when it amended the trial court's judgment by removing $500 in damages awarded to the plaintiff, yet awarded an additional $500.00 in attorney's fees for work done on appeal.

Moreover, this court, in *Randall v. Concordia Nursing Home*, 07-101 (La.App. 3 Cir. 8/22/07), 965 So.2d 559, *writ denied*, 07-2153 (La.1/7/08), 973 So.2d 726, recently awarded $5,000.00 in additional attorney's fees to the plaintiff's attorney despite finding that the jury's original award of $150,000.00 was abusively high and reducing that award to $100,000.00. In *Randall*, the defendant nursing home had raised several assignments of error, and the plaintiff had been generally successful in defending its award received at the trial level.

Given the above general rule and the cited exceptions, it is clear to this court that whether we award attorney's fees for work done on appeal, when the attorney is less than 100% successful, is an issue to be determined on a case by case basis. *See Champion v. Panel Era Mfg. Co.*, 410 So.2d 1230 (La.App. 3 Cir. 1982) wherein this court granted plaintiff/appellees attorney's fees for services rendered on appeal of

11

$1,000.00 despite upholding the trial court's findings regarding quantum over the protest of the plaintiff/appellees. (See also *Palmer v. Anchor Marine, Inc.*, 331 So.2d 114(La.App 1 Cir. 1976), wherein plaintiff/appellee was denied a request for modification of the trial court's judgment, yet was awarded attorney's fees for work performed on appeal of $450.)

Here, Centrix has properly requested additional attorney's fees for work done on appeal. However, Marceaux has obtained the relief it requested as we have reversed the trial court's ruling that Centrix was to receive all the proceeds deposited in its registry. As such, if we were to require 100% success, Centrix would not be allowed to recover additional attorney's fees for work done on appeal.

The basis for awarding additional attorney's fees for work performed on appeal is that the litigant incurred additional expenses to protect rights or increase awards established at the trial level. There is no doubt that Centrix has incurred such expenses in the case before us.

Moreover, the attorney's fees under the retail installment contract between Centrix and the Vanders are a penalty designed to indemnify Centrix. While Centrix has not completely prevailed on appeal, it has successfully defended the remainder of the proceeds it was awarded from the Vanders, and has successfully been awarded attorney's fees for work done at the trial level despite the trial court inappropriately denying them. Here, we have awarded Centrix $1,000.00 in attorney's fees at the trial level. As such, an additional award for attorney's fees for appellate work would be consistent with the trial court's judgment.

Accordingly, given Centrix's level of success in defending its award, the additional expenses it has incurred in protecting that award, and that attorney's fees

were due it on the trial level, we find it appropriate in this case to award additional attorney fees as requested. After throughly reviewing the record, we find that $1,000 in additional attorney's fees is a reasonable award to Centrix for work performed on this appeal.

**CONCLUSION:**

Marceaux, the Vanders, and Centrix each alleged one assignment of error. First, we find that the trial court failed to recognize the special privilege granted to Marceaux for its fees and expenses under La.R.S. 37:218. As such, we reverse the trial court's judgment and render that Marceaux is first to be paid from the funds deposited in the trial court's registry for its fees, costs, and expenses in the amount of $3,976.92. The remainder of the proceeds are to be paid to Centrix as per its retail installment contract with the Vanders. Further, we find Centrix is entitled to attorney's fees based upon its contract with the Vanders. As such, we award Centrix $1,000.00 in attorney's fees and costs for work done at the trial level and $1,000.00 in attorney's fees and costs for work done on the appellate level. Each party is to pay its own costs for these proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-888

TATE AND APRIL VANDER

VERSUS

SAFEWAY INS. CO. OF LA.

**COOKS, J., affirms in part and dissents in part.**

The fees Centrix claims resulted from its incorrect assertion that plaintiffs' lawyer was not entitled to attorney fees. It should not be awarded attorney fees for pursuing what it was not entitled to demand. The contract does not speak to Centrix's fee claim for work performed to advance a *meritless* position. Centrix's contract only allows it to hire an attorney to collect what the buyer "owe[d] or to enforce the contract." Centrix could not collect what was owed it or enforce the contract against "privileged" proceeds; it had no right, contractually or otherwise, to advance any claim against the privileged portion of the funds deposited in the concursus proceeding. Therefore, I dissent from the portion of the opinion awarding any amount of attorney fees to Centrix.