# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2010

No. 09-31070

Lyle W. Cayce
Clerk

JOYCE RICHARDS,

> Plaintiff-Appellee

KEVIN C. SCHOENBERGER,

> Intervenor Plaintiff-Appellee

v.

LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION,

> Defendant,

v.

AMERICAN HOME MORTGAGE SERVICING, INC.,

> Intervenor Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, PRADO, and ELROD, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Defendant-Appellant American Home Mortgage Servicing, Inc. ("American Home") appeals the district court's grant of summary judgment in favor of Appellee Kevin C. Schoenberger ("Schoenberger"). Schoenberger represented

Jocelyn Richards ("Richards") on a contingency fee basis in litigation with her insurance company where she sought an increased settlement offer for damage sustained to her property during Hurricane Katrina.  After  obtaining the increased settlement amount, American Home, who holds the mortgage to Richards's home and is named as an additional mortgagee-loss payee on her insurance contract, sought the full insurance proceeds on the ground that its mortgage balance exceeds the sum recovered.  In granting summary judgment to Schoenberger, the district court concluded that under Louisiana law, Schoenberger's privilege for his contingency fee in the settlement funds he obtained for Richards is superior to American Home's rights. This appeal followed.

Subsequent to full briefing on the matter, but prior to oral argument, Schoenberger requested attorney's fees for the instant appeal and sanctions, pursuant to the rules of this court and statute, against American Home for pursuing what he deems to be a frivolous appeal.  For the foregoing reasons, the judgment of the district court is AFFIRMED and Schoenberger's application for attorney's fees and damages is DENIED.

## I.  BACKGROUND

In August 2005, Richards suffered damage to her residence as a result of Hurricane Katrina. Dissatisfied with the amount of the initial settlement offer from her insurance company,  Richards retained Schoenberger to pursue her claims for an increased insurance settlement amount.  In so doing, she entered into a contingency fee contract with Schoenberger whereby he would receive 40% of any recovery by Richards from her insurer above the initial settlement amount.

Schoenberger  successfully  obtained  an  increased  recovery  from  the insurance company on behalf of Richards in the amount of $34,471.85. The insurance company issued settlement checks payable to Richards, Schoenberger,

No. 09-31070

and American Home because Richards's insurance policy dictated that the loss was also payable to American Home as an additional mortgagee-loss payee. American Home currently holds a mortgage on Richards's property. Schoenberger requested that American Home endorse the check. American Home refused to do so and sought the full insurance proceeds on the grounds that its mortgage balance exceeds that sum.

Eventually, the entirety of the settlement funds were deposited into the registry of the court. Schoenberger then intervened in Richards's suit against the insurance company and interpleaded American Home to determine his right to withdraw 40% of any additional recovery above the initial settlement amount originally offered, in accordance with his contingency fee agreement with Richards. Schoenberger moved for summary judgment seeking judgment in his favor totaling $14,158 ($13,788 in fees; $370 in court costs), plus interest. The district court granted his motion, awarding Schoenberger the amount of attorney's fees provided by his contingency agreement with Richards. American Home timely appealed. Thus, the central substantive question on appeal is, under Louisiana law, does the statutory privilege accorded to attorneys to recover their fees from amounts obtained in settlement of their client's claim rank as a first privilege in preference to other creditors?

American Home says no and contends that summary judgment was improper because its rights as a mortgagee-loss payee are superior to Schoenberger's privilege for his attorney's fees. Consequently, American Home contends that any interest that Schoenberger may have in the settlement proceeds attaches only to Richards's recovery and not to the portion that is owed to American Home.[1]   Lastly, American Home contends that it is not bound by

---

[1] The parties appear to agree that in light of the outstanding balance on the mortgage, Richards will receive none of the proceeds recovered.

3

Schoenberger's contingency fee contract because it was not recorded before execution of the settlement.

Meanwhile, Schoenberger argues that Louisiana law provides him a statutory privilege which entitles him to a first cut of the settlement proceeds in accordance with his continency fee agreement. Schoenberger also argues that there is no need for attorneys to record their continency fee agreement in order to affect a client's third-party creditor when the funds have not been disbursed. Schoenberger stresses that he is only seeking a privilege on insurance proceeds; he is not seeking to prime American Home's mortgage on the property.

Following the submission of their respective merits briefs, Schoenberger moved this court for attorney's fees in pursuing this appeal and for sanctions, pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912.

## II. Analysis

### A. Standard of Review

This court reviews the grant of summary judgment *de novo*. *Floyd v. Amite Cnty. Sch. Dist.,* 581 F.3d 244, 247 (5th Cir. 2009). Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

### B. Applicable Law

Both parties agree that the substantive law of Louisiana applies to this dispute and when state law provides the rules of decision, federal courts are bound to apply the law as interpreted by the state's highest court. *FDIC v. Abraham*, 137 F.3d 264, 267–68 (5th Cir. 1998). When the state's highest court has not spoken on an issue, a federal court must determine as best it can how that court would rule if the issue were before it. *Id.* at 268. "[W]e are bound by

No. 09-31070

an intermediate state appellate court decision only when we remain unconvinced by other . . . data that the highest court of the state would decide otherwise." *Id.* (internal citations and quotations omitted). Thus, an intermediate state appellate court decision is not controlling *per se*, but is more accurately described as a guide to assist the federal court in its goal of determining how the state's highest court would decide the issue. *Id.* at 268 n.14 (citing *Green v. Walker*, 910 F.2d 291, 294 (5th Cir. 1991)).

The legal issue pursuant to which the district court granted summary judgment is whether Schoenberger's privilege for his contingency fee in the settlement funds he obtained for Richards is superior to American Home's interest. The applicable statutory provision is Louisiana Revised Statute § 37:218(A) ("the statute"), which provides in pertinent part:

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.

LA. REV. STAT. ANN. § 37:218(A). The Louisiana Supreme Court has not directly addressed the central issue before this court. However, the Louisiana Court of Appeals for the Fourth Circuit has decided *Irons v. U.S. Bank*, 966 So. 2d 646 (La. Ct. App. 2007), which is remarkably similar to the instant litigation.

*Irons* involved a concursus proceeding which was commenced by several homeowners who retained the Bruno law firm to pursue their claims for additional insurance proceeds following Hurricane Katrina. *Id.* at 647. The homeowners entered into a contingency fee contract with the firm. *Id.* The firm

5

obtained increased recoveries for each client but the mortgage holder, U.S. Bank, refused to recognize the law firm's fees. *Id.*

As with this case, the mortgagee-lender in *Irons* was also an additional mortgagee-loss payee on each of the insurance policies, and it took the position that its contractual rights trumped any privilege that the Bruno firm had in the proceeds. *Id.* at 649–50. The trial court disagreed and found in favor of the plaintiffs and their attorneys. *Id.* at 647. The Louisiana Court of Appeals for the Fourth Circuit affirmed and held that the privilege conferred by the statute was superior to U.S. Bank's contractual right to the proceeds. *Id.* at 650. In reaching its conclusion, the *Irons* court focused its analysis on the gross inequality that would result from allowing a party that had done nothing in prosecution of its own rights to reap the rewards of an attorney's labor, while denying the attorney compensation for his efforts and reimbursement for litigation costs. *Id.*

**C.    The Primacy of Schoenberger's Statutory Privilege**.

American Home avers that its interest in the recovery should take priority over Schoenberger's interest. As the following analysis makes clear, a plain reading of the statute, substantive precedent of the governing state law, and prior precedent of this court all undermine American Home's position, and in fact support the primacy of Schoenberger's statutory privilege.

**1.  The Plain Reading of LA. REV. STAT. ANN. § 37:218(A).**

A plain reading of the statute necessitates affirming the judgment of the district court. The statute explains that an attorney may secure an interest in litigation for which he has been retained and that such interest effectively trumps all other interests relevant here. LA. REV. STAT. ANN. § 37:218(A). The statute fits hand-in-glove with the facts of this case.

Here, Schoenberger expressly conditioned his payment in litigation to any amount he may have recovered from American Home above that which

American Home initially committed to pay Richards, the mortgagor-debtor. This reading of the statute and its application to the instant litigation fails to justify American Home's argument that its interests are superior to those of Schoenberger's.

Moreover, in light of *Calk v. Highland Constr. & Mfg.*, 376 So. 2d 495, 499 (La. 1979), it appears that the Louisiana Supreme Court would likely reach the same result as *Irons* and therefore conclude that the fee privilege conferred by the statute trumps American Home's right to the proceeds. In *Calk*, the Louisiana Supreme Court noted that the legislative intent behind the statute was "to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment." *Calk*, 376 So. 2d at 499. The court stated that the statute gives the attorney "a privilege to the extent of his earned fee on any recovery obtained by settlement." *Id.*

### 2. *Irons v. U.S. Bank* Governs.

As explained above, the Louisiana Supreme Court has not directly addressed this issue. As such, pursuant to *Abraham*, we turn to the state's intermediate courts and, in so doing, conclude *Irons v. U.S. Bank* controls our analysis.

*Irons* is virtually indistinguishable from this case. Both this case and *Irons* involve an attorney's involvement through interpleader. In both cases, the attorney's recovery on behalf of the insured-mortgagor was a sum greater than the amount originally offered by the insurance company. Both cases concern otherwise static mortgagee-lendors unwilling to exercise any purported rights to their recovery. We are persuaded that the analysis in *Irons* is applicable to the case before us. Moreover, American Home's *strict juris* position, articulated at oral argument, that the *Irons* court erred when it held that the statute

condones equitable relief, is immaterial for our purposes. Thus, American Home's arguments must be rejected, and their appeal must fail.

### 3.    *Lazlo v. State Farm* **Cannot be Ignored.**

The reasoning of the Louisiana state court comports with this court's interpretation of the attorney fee privilege. For example, in *Lazlo v. State Farm Fire & Cas. Co.*, 796 F.2d 807, 808 (5th Cir. 1986), a house with an outstanding mortgage was destroyed by fire. The total amount of the homeowner's insurance policy was $60,000, greater than the $21,500 remaining on the mortgage. *Id.* After the fire and Lazlo's "amicable demand for payment under the policy and [threat of litigation] when payment was not forthcoming," the insurance company paid the mortgagee and *assumed* the mortgage. *Id.* The trial court awarded the amount of the policy *less* the amount of the assumed mortgage.

After judgment, Lazlo claimed that her attorney was due a "first privilege" with the contingency fee calculated against the amount of the entire insurance policy, not the net recovery amount less the outstanding mortgage. *Id.* at 809. This court agreed and found that "[i]t is clear for fee privilege purposes that such cancellation [of the assumed mortgage] *at least* comprises 'property recovered' by counsel for Lazlo. Lazlo's attorney thus 'recovered' a total of $60,000 for her client, $21,500 in cancellation of mortgage debt and $38,500 additional." *Id.* at 812. Thus, the court reasoned that Lazlo's attorney, whose sole efforts had obtained the recovery, was entitled to collect her full fee out of the remaining funds to the exclusion of competing creditors who were the mere beneficiaries of her labor. Implicit in the court's decision was its recognition of the inequality that would arise from allowing the competing creditors to reap the benefit of the attorney's uncompensated efforts.

### 4.    *Hussain v. Boston Old Colony* **is Distinguishable.**

American Home argues that, notwithstanding the plain reading of the statute, and the weight of *Irons* against it, its appeal should be sustained. For

this proposition, American Home directs this court to our prior decision in *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623 (5th Cir. 2002). American Home contends that *Hussain* supports its proposition that any interest that Schoenberger may have in the settlement proceeds attaches only to Richards's recovery and not to the portion that is owed to American Home. A superficial examination could support their position that *Hussain* trumps *Lazlo*; a detailed comparison, however, yields otherwise.

In *Hussain*, plaintiff Javain Hussain was insured by Boston Old Colony ("BOC"). *Id.* at 627. His mortgagee, Hibernia Bank, was named as a loss-payee (Hibernia had loaned Hussain money, secured by a chattel mortgage on the inventory of the store). *Id.* After the mortgaged property was destroyed by a fire, the plaintiff defaulted on his loan. *Id.* Hibernia initiated two lawsuits: one against Hussain, from which it obtained a default judgment; and the other against BOC to recover from the proceeds of the insurance policy. *Id.* Meanwhile, Hussain retained counsel and joined Hibernia's suit against BOC. *Id.* Eventually, BOC was forced to pay Hibernia and Hussain according to the terms of the policy. *Id.* Hussain's attorney, Rando, claimed that he was entitled to the contingency fee percentage of the entire award from BOC. *Id.* at 628.

In *Hussain*, this court held that Rando was not entitled to priority over Hibernia to the settlement amount and that his fee should be calculated from the net amount recovered by Hussain (the gross amount less the amount outstanding on the chattel mortgage). *Id.* at 642. In other words, the court held that once Hibernia was paid, Rando would receive his contingency fee based on whatever funds remained after the debt to Hibernia was satisfied.

The *Hussain* court reasoned that what made its case distinguishable from *Lazlo* was Hibernia's status as a separate party in the litigation and the fact that it hired its own lawyers who put forth their own professional efforts to obtain

recovery of Hussain's debt out of the policy proceeds. *Id.* at 640. Indeed, the *Hussain* court was careful to state that:

> the mortgagee litigated to ensure its receipt of the amount outstanding on the note. Thus, Rando cannot alone claim credit for recovering the amount that was due directly to Hibernia as a result of the loss payee provision; neither was he the only lawyer—or even the first one—presumably working to refute the arson allegation. In light of the well-established character of Hibernia's right to the money, and the work of its counsel in the litigation, Rando is not entitled to an award of fees on that portion of the recovery.

*Id.* at 642. Thus, *Hussain* and *Lazlo* are incongruous: in *Lazlo*, the court sided with an attorney whose sole efforts had produced the recovery for which all of the plaintiff's creditors had hoped to benefit; while in *Hussain*, the court ruled against an attorney who tried to reduce another party's recovery by claiming a fee for work that he did not do. American Home's reliance on *Hussain*, therefore, is wanting.

## D.    Schoenberger's Failure to Record is Immaterial.

Furthermore, American Home's argument that Schoenberger's contingency fee agreement is unenforceable because it was not timely recorded is unpersuasive. In *Calk*, the Louisiana Supreme Court held that an attorney's contract need not be recorded for the attorney's fees claim to succeed; "however, for the attorney to succeed, he must assert his claim by intervention or other legal proceedings prior to disbursement of the proceeds to a third party." *Calk,* 376 So. 2d at 499.

Here, the disputed funds sit in the registry of the court and have not actually been disbursed to either party. Thus, Schoenberger's contingency fee agreement has effectively been properly recorded. Furthermore, American Home was well aware of the settlement and Schoenberger's interest in the settlement proceeds because it and Schoenberger were both listed as payees on

the check.   Therefore, its argument that the contingency fee agreement is unenforceable is meritless.

**E.    Schoenberger's Application for Attorney's Fees and Sanctions.**

After briefing on the merits, but prior to oral argument, Schoenberger moved this court for attorney's fees and sanctions, pursuant to 28 U.S.C. § 1912 and FED. R. APP. P. 38.   In support of his application, Schoenberger directs this court to *Trowbridge v. Commissioner of Internal Revenue*, 378 F.3d 432 (5th Cir. 2004), and *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.*, 422 F.2d 1278 (2d Cir. 1970).   Unfortunately for Schoenberger, the caselaw he cites, the Federal Rules of Appellate Procedure, and the statutory basis for an award of damages all fail to bridge the gap between the relief he seeks and his entitlement to it.

In *Trowbridge*, this court affirmed a tax court's imposition of sanctions, in the amount of $25,000, against a taxpayer for pursuing frivolous arguments in his proceeding, namely: questioning the jurisdiction of the tax court, abandoning his Texas residency, and contesting his classification as a tax payer. *Trowbridge*, 378 F.3d at 432-33.   Trowbridge essentially argued that he was immune to the reach of the Internal Revenue Code.  The tax court disagreed and imposed sanctions to express its displeasure and awarded attorney's fees to Trowbridge's adversary.   Undeterred by this admonishment, he pursued the same arguments on appeal.  This court affirmed the decision of the tax court and granted the Commissioner attorney's fees.  *Id.*

*Trowbridge*, however, is materially distinguishable from this case in at least two principal respects.  First, in *Trowbridge*, the court of first impression already spoke on the frivolity of the argument at issue; second, the nature of the argument Trowbridge advanced was far more incredulous than the one proffered here by American Home.  To suggest that subscription to the federal tax code is voluntary is nothing short of ridiculous, and is an argument that would

immediately draw the suspicion of any court.  Here, the district court made no such award of sanctions.  Moreover, American Home's position—that *Hussain* is comparable to this case—though meritless in this court's assessment, is not so frivolous so as to invite a comparison to *Trowbridge*.

Alternatively, Schoenberger directs this court to *Oscar Gruss*.  In that case, the Second Circuit affirmed the award of costs in an entry of summary judgment for plaintiff and awarded sanctions against a party for abusing the discovery process and pursuing what it deemed to be a frivolous appeal.  *Oscar Gruss*, 422 F.2d at 1282-84.  Furthermore, the *Oscar Gruss* court was especially offended by outright, obvious attempts to mischaracterize a piece of evidence elicited within that protracted discovery process.  Moreover, that court found particularly egregious attempts to misinterpret caselaw that had been *consistently* construed to stand for a position diametrically opposed to the one maintained by petitioners on appeal.  *Id.* at 1282-83.

Here, neither Schoenberger nor American Home could direct this court to definitive caselaw of this circuit, or a decision of the relevant state supreme court, supporting the merits of either position.  As we have stated before, "it is not bad faith that establishes frivolity of appeal, but that an unreasonable legal position is advanced without a good faith belief that it is justified," *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988)(internal quotation marks and citation omitted), that merits Rule 38 relief.  Here, given the absence of controlling state law adopted by this court, and American Home's not unreasonable belief that *Hussain* controlled, this court is hard-pressed to conclude American Home's conduct rises to the level of bad faith exhibited in *Trowbridge* and *Oscar Gruss*.

Schoenberger's frustration from his years-long pursuit of his fees is well-taken by this court.  Nonetheless, we are constrained by the applicable law to deny him relief.  Therefore, Schoenberger's application for fees and sanctions is rejected.

No. 09-31070

## III.  Conclusion

For these reasons, the judgment of the district court is AFFIRMED, and Schoenberger's motion for sanctions and attorney's fees due to the pursuit of this appeal is DENIED.